IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BRANDON DONALD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 8:16CV201 |
| | ) | |
| V. | ) | |
| | ) | |
| WALMART, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

Plaintiff filed his Complaint on May 5, 2016. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 5) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff alleges that he was terminated from his employment with Defendant on account of race and in retaliation for reporting that another employee was harassing him and making racist remarks. (Filing No. 1 at CM/ECF p. 1.) Specifically, Plaintiff claims he told his supervisors that "Gary" was chewing tobacco on the job and calling him "Dennis Rodmen" or "boy" because Plaintiff is "LGBT African American Negro." (*Id*.) Plaintiff seeks $50,000,000.00 in damages.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

The court is not convinced that it has subject-matter jurisdiction over this action. Plaintiff alleges subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Under § 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing § 1332(a)). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Missouri v. Western Surety*

*Company*, 51 F.3d 170, 173 (8th Cir. 1995).

Here, it appears that Plaintiff's citizenship is different from that of the named Defendant, and Plaintiff alleges the amount in controversy is over $75,000.00. However, the court questions whether the alleged amount in controversy is legitimate where Plaintiff alleges he sustained $50,000,000.00 in damages because he was terminated from his employment with Walmart. Therefore, the court will require Plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate, and that the court has subject-matter jurisdiction.

Moreover, if the court were to construe Plaintiff's Complaint as asserting a claim under Title VII the Civil Rights Act of 1964, the Complaint would be deficient. 42 U.S.C. § 2000e. Title VII forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). However, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his or her administrative remedies by first seeking relief through the EEOC or the Nebraska Equal Opportunity Commission ("NEOC"). 42 U.S.C. § 2000e-5. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(b); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997).

The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). Also, each discrete incident of discriminatory or retaliatory action by an employer constitutes its own unlawful employment practice for which administrative remedies must be exhausted before bringing a Title VII

3

claim. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). Plaintiff did not attach a right-to-sue letter to his Complaint and there is no evidence that he sought relief from the EEOC or NEOC.

IT IS THEREFORE ORDERED that:

1. Plaintiff has until July 25, 2016 to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this order.

3. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 25, 2016: deadline for Plaintiff to show jurisdictional amount by preponderance of evidence.

DATED this 23rd day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge