IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON DONALD,<br><br>               Plaintiff,<br><br>vs.<br><br>WALMART,<br><br>               Defendant. | 8:16CV201<br><br>MEMORANDUM<br>AND ORDER |

    Plaintiff filed his Complaint on May 5, 2016. (Filing No. 1.) Plaintiff was given leave to proceed *in forma pauperis*. (Filing No. 5.) The court conducted an initial review of the Complaint on June 23, 2016. (Filing No. 6.) Now, the court conducts further initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

    Plaintiff filed his Complaint against Walmart. Liberally construed, Plaintiff, an "LGBT African American Negro," brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1126. Plaintiff's filings include the charge of discrimination that he filed with the Nebraska Equal Opportunity Commission ("NEOC"). (Filing No. 7-1 at CM/ECF pp. 6-7.) In assessing Plaintiff's Complaint, the court will consider the allegations raised in Plaintiff's NEOC charge of discrimination, as well as those raised in the Complaint. *See Coleman v. Correct Care Solutions*, 559 Fed. App'x. 601, 602 (8th Cir. 2014).

    Plaintiff generally alleged in his Complaint and charge of discrimination that his supervisors subjected him to a hostile work environment and disparate

treatment based upon his race, color, and sex, and that he was terminated from his employment in retaliation for reporting their conduct. (Filing No. 1 at CM/ECF pp. 1-3; Filing No. 7-1 at CM/ECF pp. 6-7.) Plaintiff seeks $50,000,000.00 in damages. (Filing No. 1 at CM/ECF p. 4.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff's charge of discrimination was filed on June 14, 2016. (Filing No. 7-1 at CM/ECF p. 6.) The charge of discrimination describes instances of harassment, discrimination, and retaliation. (*Id.* at CM/ECF pp. 6-7.) Plaintiff did not set forth the date on which he received a right-to-sue notice from the NEOC with respect to his charge of discrimination.

Title VII requires a plaintiff to exhaust his administrative remedies by first seeking relief through the NEOC or the EEOC. 42 U.S.C.A. § 2000e-5(f)(1). The NEOC/EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the NEOC/EEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1).

Here, it is unclear whether Plaintiff filed suit in a timely manner in this court. On the court's own motion, the court will give Plaintiff 30 days in which to notify the court of the date on which he received a right-to-sue notice from the NEOC/EEOC with respect to his charge of discrimination.

To be clear, Plaintiff must notify the court in writing of the date on which he received a right-to-sue notice in response to his charge of discrimination dated June 14, 2016. (*See* Filing No. 7-1 at CM/ECF p. 6.) To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

IT IS THEREFORE ORDERED that:

1.     Plaintiff will have 30 days from the date of this Memorandum and Order to notify the court in writing of the date on which he received a right-to-sue notice in response to his charge of discrimination dated June 14, 2016 (*See* Filing No. 7-1 at CM/ECF p. 6).  To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

2.     Failure to respond to this Memorandum and Order will result in dismissal of this action without further notice.

4.     The clerk's office is directed to set a pro se case management deadline using the following text: February 16, 2017: check for response from Plaintiff.

Dated this 17th day of January, 2017.

                                            BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            Senior United States District Judge